[Civ. No. 14639. Fourth Dist., Div. One. Apr. 22, 1976.]

In re the Marriage of GWENDOLYN and DONALD E. MAUNDER.
GWENDOLYN MAUNDER, Appellant, v.
DONALD E. MAUNDER, Respondent.

**COUNSEL**

Ashfield & Streeper and Harry Ashfield for Appellant.

Haug & Werth, Shain B. Haug, Sheela, Lightner, Hughes & Castro and Howard J. Bechefsky for Respondent.

**OPINION**

**THE COURT.**\*—Gwendolyn Maunder appeals an order denying her request for an increase in spousal support (Civ. Code, § 4801, subd. (a)).

\*Before Brown (Gerald), P. J., Ault, J. and Cologne, J.

In an interlocutory judgment of dissolution, Gwendolyn was awarded, among other things, child and spousal support and a community property interest in Donald's retirement pay from the Navy. She is able to garnish his service pension to obtain unpaid child and spousal support, for federal law provides: "Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments." (42 U.S.C. § 659.) However, her counsel concedes there is no way the division of the community property can be enforced against the retirement program of the federal government at this time.

Gwendolyn therefore sought a modification of the interlocutory decree increasing her spousal support by the value of her community property interest in the pension, which she apparently cannot easily collect.[1] She sought the modification because she is "reluctant to incur the expenses of litigating such a matter through the courts of the United States." The trial court refused to modify the decree.

It is well settled the determination whether circumstances justify modification of an award of spousal support rests primarily in the discretion of the trial court, whose decision will not be disturbed on appeal unless an abuse of that discretion is established (*In re Marriage of Edwards,* 52 Cal.App.3d 12, 15 [124 Cal.Rptr. 742]; *Double* v. *Double,* 248 Cal.App.2d 650, 652 [56 Cal.Rptr. 687]; *Dean* v. *Dean,* 59 Cal.2d 655, 657

---

[1]The proposed modification reads as follows: "That the court further orders, as additional support for the Petitioner herein, GWENDOLYN MAUNDER, the sum of $350.61 per month for each month and $504.88 for the month of March for each succeeding year for each subsequent month that the said GWENDOLYN MAUNDER does not receive the equivalent of 44.8% of the said military retirement sums heretofore awarded to her.

"That this court further finds that the said GWENDOLYN MAUNDER has need for and must be awarded this additional sum as support to supplement her basic income in compliance with the amounts heretofore ordered by this court to be paid to her to provide for her support and her sustenance.

"All other matters in the said Decree and subsequent modifications thereof are to remain unchanged pending further order of this court."

[31 Cal.Rptr. 64, 381 P.2d 944]). Gwendolyn has failed to meet her burden here.

Civil Code section 4801, subd. (a), provides in pertinent part: "Any order for support of the other party may be modified or revoked as the court may deem necessary, . . ." This section is substantially a reenactment of former section 139 of the Civil Code and thus is subject to the "general rule . . . the trial court is without authority to [modify] the amount of alimony or support payments awarded in a decree of divorce in the absence of a showing that there has been a change in conditions subsequent to the entry of such decree . . . ." (*Dean* v. *Dean, supra,* 59 Cal.2d 655, 657; *In re Marriage of Mulhern,* 29 Cal.App.3d 988, 991-992 [106 Cal.Rptr. 78].) ■ While Gwendolyn's income may be less now than she thought it would be at the time of the interlocutory decree because she has not been able to obtain her interest in the Navy pension, her basic complaint is with the difficulty of collecting a property interest. Her preference of remedies does not compel modification of her support award. This seems especially true where the relabeling of a property interest as spousal support might defeat the limited federal consent to garnishment in section 659 of title 42.

We also note the modification Gwendolyn seeks does not include a counterbalancing cancellation of her community property interest in the pension. Indeed, it could not, because the trial court was without jurisdiction to modify an unqualified disposition of property rights in an interlocutory decree of divorce, except in accordance with methods applicable to judgments generally (*Leupe* v. *Leupe,* 21 Cal.2d 145, 148 [130 P.2d 697]; *Darter* v. *Magnussen,* 172 Cal.App.2d 714, 717 [342 P.2d 528]). Since the trial court's previous division of the pension as community property would be unaffected, the proposed modification could substantially increase Donald's liability. Gwendolyn failed to demonstrate changed circumstances justifying such an increase, and the trial court did not abuse its discretion in declining to modify the decree.

Order affirmed.