[Civ. No. 51030. First. Dist., Div. Three. Mar. 21, 1983.]

In re the Marriage of JANE MARIE and LOUIS SCOTT DAVIS.
LOUIS SCOTT DAVIS, Respondent, v.
JANE MARIE DAVIS, Appellant.

## COUNSEL

Donna A. Scott for Appellant.

Frederick R. Duda and Richard D. Blakewell for Respondent.

## OPINION

**BARRY-DEAL, J.**—Jane Marie Davis (hereafter wife) appeals from an order denying her motion for an increase in spousal support from her former husband, Louis Scott Davis (hereafter husband).[1] (See Civ. Code, § 4801, subd. (a).) She also challenges the adequacy of the award of attorney's fees and refusal to award costs. Husband does not appeal from the order denying his motion for termination of support.

■ ■■■■ Wife contends, inter alia,[2] that the trial court committed reversible error in failing to make requested findings of fact and conclusions of law before signing its order and that the purported findings and conclusions signed subsequent to the order were not timely. Husband's sole response, without citation to the record or to authority, is: "The findings of fact were the duty of the respective counsel to prepare. No prejudicial error was committed by the trial court." We agree with wife's contentions.

[1] Husband was the petitioner in the original proceedings for dissolution of marriage filed in 1969. An interlocutory judgment of dissolution of marriage was entered on February 2, 1970, and a final judgment was entered on April 7, 1970. Husband was ordered to pay wife $475 per month spousal support (less an offset for wife's net earnings) and $125 per month child support for their daughter, who attained age 21 before the current proceedings.

On April 24, 1978, husband filed a motion (via order to show cause) for termination of spousal support. At the hearing on his motion on July 12, 1978, the court ordered wife to submit to a medical examination by a physician chosen by husband, ordered husband to pay wife's attorney $125 on account without prejudice to a further award, and dropped the matter from calendar subject to being reset. Wife filed her motion for an increase in spousal support on June 12, 1979, and the matters were consolidated for hearing on August 9 and October 15, 1979, each day a half-day session. The court denied husband's motion to terminate and wife's motion to increase spousal support and awarded wife an additional $500 in attorney's fees.

[2] Basically, wife contends that the evidence established her need for increased support and her former husband's ability to pay additional support, and, therefore, there was no substantial evidence to support the court's denial of her motion. She further asserts that based upon the evidence adduced at the hearing, the court abused its discretion in denying her motion for an increase in support and for an adequate award of attorney's fees and costs.

Wife correctly points out that the court erred in refusing to admit into evidence a certified copy of the United States Department of Labor, Bureau of Labor Statistics, consumer price index for the San Francisco-Oakland area on the ground that no proper foundation had been laid. (See Evid. Code, §§ 1530, 1531.) Wife offered this exhibit in support of her request that the court take judicial notice of the impact of inflation on wife, who was living on a fixed income.

*Procedural Background*

At the conclusion of the hearing on wife's motion for an increase in spousal support and husband's motion for termination of support, on October 15, 1979, the court orally announced its decision to deny both motions. Wife's counsel then stated she would request findings of fact, to which the court responded, "I'm not sure you're entitled to Findings, but make your request."

Thereafter, on October 24, 1979, appellant filed a request for findings of fact and conclusions of law pursuant to Code of Civil Procedure section 632 and rule 232, California Rules of Court, in which she requested 18 specific findings.[3] Along with her request, wife submitted proposed findings of fact and conclusions of law, as well as a proposed order comporting with the court's announcement of intended decision. Wife's request for findings and her proposed findings were served by mail on husband's attorney on October 24, 1979.

Needless to say, wife's proposed findings clearly supported the order denying husband's motion for revocation, but provided a shaky foundation for the court's decision to deny modification of support. Nevertheless, husband made no attempt to aid the court by filing objections to the proposed findings or counterfindings within 15 days, as provided by California Rules of Court, rule 232(d).

Without signing wife's proposed findings or making its own findings, the court, on November 5, 1979, 12 days after submission of the proposed findings, signed and filed the proposed order denying wife's motion for modification and husband's motion for termination of support. The clerk mailed notice of entry of the order to each party on November 28, 1979. Wife's notice of appeal was served by mail on husband on December 26, 1979, and filed with the court on December 27.

Husband eventually took action and, on December 19, lodged with the court proposed findings of fact and conclusions of law relating to husband's motion to terminate spousal support. On January 25, 1980, the court interlineated a conclusion of law, "Respondent's [wife's] motion to modify is denied . . . ," and signed and filed husband's findings and conclusions as modified on January 25, 1980, approximately two and one-half months after entry of the order.

*Discussion*

"The code provision requiring written findings of fact is for the benefit of the court and the parties. To the court it gives an opportunity to place upon record,

---

[3]Appellant did not submit a memorandum of points and authorities on the court's obligation to make findings.

in definite written form, its view of the facts and the law of the case, and to make the case easily reviewable on appeal by exhibiting the exact grounds upon which the judgment rests. To the parties, it furnishes the means, in many instances, of having their cause reviewed without great expense. . . ." (*Frascona v. Los Angeles Ry. Corp.* (1920) 48 Cal.App. 135, 137-138 [191 P. 968], construing the former mandatory requirement of findings, cited in 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 303, p. 3112.)

At the time of hearing on wife's motion, Code of Civil Procedure section 632[4] provided in pertinent part: "In superior . . . courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required, except as herein provided. [¶] . . . Unless findings are requested, the court shall not be required to make written findings and conclusions. . . . [¶] Where findings are required, they shall fairly disclose the court's determination of all issues of fact in the case. . . . [¶] The procedure for requesting, preparing, and filing written findings and conclusions and the written judgment of the court shall be in accordance with rules adopted by the Judicial Council. . . ." Rule 232,[5] California Rules of Court, adopted by the Judicial Council, specifies the procedure and time limits for requesting findings, submitting proposed findings, making objections and counterfindings, preparing the written judgment, and granting extensions of time for compliance with the rule.

■ Where findings are requested in a proceeding in which a litigant is entitled to findings, the court's failure to make findings on all material issues amounts to reversible error. (*Guardianship of Brown* (1976) 16 Cal.3d 326, 333 [128 Cal.Rptr. 10, 546, P.2d 298]; *Employers Casualty Co.* v. *Northwestern Nat. Ins. Group* (1980) 109 Cal.App.3d 462, 473-475 [167 Cal.Rptr. 296]; 4 Witkin, Cal. Procedure, *supra,* Trial, § 337, p. 3139.) ■ Although Code of Civil Procedure section 909 authorizes the appellate court to make

[4]Code of Civil Procedure section 632 was amended in 1981 to delete the requirement of findings and now provides as follows: "In superior, municipal, and justice courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. Upon the request of any party appearing at the trial, made within 10 days after the court announces a tentative decision, or if the trial has lasted less than one day, made prior to submission of the matter for decision, the court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial. The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision. After a party has requested such a statement, any party may make proposals as to the content of the statement of decision.

"The statement of decision shall be in writing, unless the parties appearing at trial agree otherwise; however, when the trial has been completed within one day, the statement of decision may be made orally on the record in the presence of the parties." (Stats. 1981, ch. 900, § 1, p. 3425.)

[5]Rule 232, California Rules of Court, was also amended in 1981 to reflect the amendment of Code of Civil Procedure section 632.

findings under certain circumstances, this court will not do so where the trial court has made no findings and the evidence, as here, is in conflict. (*Packer* v. *Sillas* (1976) 57 Cal.App.3d 206, 221 [128 Cal.Rptr. 907]; 6 Witkin, Cal. Procedure, *supra,* Appeal, § 572, p. 4509.)

Traditionally, litigants have not been entitled to findings in certain situations such as on an order in a special proceeding, unless specifically authorized by statute,[6] or on an order made after granting or denial of a motion. (4 Witkin, Cal. Procedure, *supra,* Trial, § 306, p. 3115.) This traditional view was reaffirmed in 1975 by our court in a proceeding for modification of support, in spite of appellant's argument that the extensive evidentiary hearings in the trial court qualified as a trial of a question of fact under Code of Civil Procedure section 632. (*In re Marriage of Simmons* (1975) 49 Cal.App.3d 833, 836 [123 Cal.Rptr. 213]; see 4 Witkin, Cal. Procedure (1981 supp.) Trial, § 306, p. 184.)

In 1976, however, the Legislature amended Civil Code section 4801, subdivision (a), to make findings of fact mandatory if requested by either party.[7] (Stats. 1976, ch. 130, § 5, p. 209.) The requirement of findings where requested includes any judgment decreeing the dissolution of a marriage or a legal separation of the parties in which the court orders spousal support and any order modifying or revoking a previous order for spousal support. (Civ. Code, § 4801, subd. (a).) Thus, in the case before us, findings were statutorily required where wife's request for them was timely made.

Husband's failure to submit appropriate counterfindings or objections to wife's proposed findings did not excuse the court from making its own findings if those submitted by wife did not accurately reflect the court's factual determinations. (Cal. Rules of Court, rule 232(g), as it read at the time of trial.) As stated in *Employers Casualty Co.* v. *Northwestern Nat. Ins. Group, supra,* 109 Cal.App.3d 462, "[w]hile we recognize that in the real world of the harried and busy trial judge, prevailing counsel ordinarily draft the findings of fact and con-

---

[6]This traditional view has been challenged in proceedings to terminate parental rights under Civil Code section 232. (See *In re Rose G.* (1976) 57 Cal.App.3d 406, 416-418 [129 Cal.Rptr. 338]; but cf. *In re Helen J.* (1973) 31 Cal.App.3d 238, 244 [107 Cal.Rptr. 106].)

[7]Although Code of Civil Procedure section 632 was amended in 1981 (see fn. 4, *ante*) to substitute a "statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial . . . ," in place of findings of fact and conclusions of law, the Legislature did not change Civil Code section 4801 on the requirement of findings where requested on a judgment or order relating to spousal support. Rule 232, California Rules of Court, also amended, no longer prescribes the procedure and time limits for requesting findings, making objections and counterfindings, preparing the written judgment, and granting extensions of time. Until new rules are established for hearings under Civil Code section 4801, trial judges hearing domestic relations matters can follow the procedure outlined in former rule 232.

clusions of law upon which the trial judge should be able to confidently rely, this is not always the case, and this creates problems not only for the trial judge but for the reviewing court as well." (*Id.,* at p. 473.) The problems are, of course, compounded where counsel for the opposing party fails to assume any responsibility for preparation of proper findings, and the full burden is placed on the trial court.

"A judgment entered without findings where findings are required is a nullity . . ." (*Ohio Cas. Ins. Co.* v. *Northwestern Mut. Ins. Co.* (1971) 17 Cal.App.3d 204, 207 [94 Cal.Rptr. 586]), and findings signed and filed after entry of such a judgment cannot resurrect it. Thus, the husband's proposed findings accepted by the court with modifications and signed and filed on January 25, 1980, were of no effect.

We also recognize that historically an award of support and of attorney's fees is within the broad discretion of the trial court, to be reversed on appeal only upon a showing of abuse of discretion. (See *Philbin* v. *Philbin* (1971) 19 Cal.App.3d 115, 119 [96 Cal.Rptr. 408]; 6 Witkin, Summary of Cal. Law (8th ed. 1974) Husband and Wife, § 174, pp. 5044-5045.) This broad discretion is statutorily recognized in Civil Code section 4801: "In any judgment decreeing the dissolution of a marriage or a legal separation of the parties, the court may order a party to pay for the support of the other party any amount, and for any period of time, as the court may deem just and reasonable. . . . [¶] . . . Any order for support of the other party may be modified or revoked as the court may deem necessary, . . ."

As noted in *In re Marriage of Brantner* (1977) 67 Cal.App.3d 416 [136 Cal.Rptr. 635], however, the Legislature has given serious attention to the factors to be considered by the court in making an initial award of permanent support and has "determined that some objective standards should be established." (*Id.,* at p. 422.) Thus, after a series of amendments, Civil Code section 4801, as it read in 1979[8] at the time of the hearing herein, provided that in making a support award, ". . . the court shall consider the following circumstances of the respective parties:

"(1) The earning capacity and needs of each spouse.

---

[8]Subdivision (a) of Civil Code section 4801 was again amended in 1979 to specify the factors to be considered as follows:
Former paragraph (1) was amended to provide: "(1) The earning capacity of each spouse, taking into account the extent to which the supported spouse's present and future earning capacity is impaired by periods of unemployment that were incurred during the marriage to permit the supported spouse to devote time to domestic duties. . ." and "(2) The needs of each party." Former paragraphs (2) to (8) were redesignated as paragraphs (3) to (9) of subdivision (a). (Stats. 1979, ch. 912, § 1, p. 3140.)

"(2) The obligations and assets, including the separate property, of each.

"(3) The duration of the marriage.

"(4) The ability of the supported spouse to engage in gainful employment without interfering with the interests of dependent children in the custody of the spouse.

"(5) The time required for the supported spouse to acquire appropriate education, training, and employment.

"(6) The age and health of the parties.

"(7) The standard of living of the parties.

"(8) Any other factors which it deems just and equitable."

Although Civil Code section 4801 does not specify that the above factors must be considered in modifying or revoking a support award, they offer guidelines to the court in making required findings where requested and to the reviewing court in determining whether the trial court has abused its discretion. Of course, by case law, the court must also make a finding of changed circumstances since the time of the previous order (*Dean* v. *Dean* (1963) 59 Cal.2d 655, 657 [31 Cal.Rptr. 64, 381 P.2d 944]; *In re Marriage of Maunder* (1976) 57 Cal.App.3d 570, 573 [127 Cal.Rptr. 707]), which may include, where pertinent, the impact of financial benefits or burdens accruing to the obligor spouse on remarriage. (*Gammell* v. *Gammell* (1979) 90 Cal.App.3d 90, 93 [153 Cal.Rptr. 162].)[9]

Wife has requested an award of attorney's fees for services rendered on appeal. ■ To warrant an award of fees on appeal, four conditions must be met: (1) the requesting spouse must show a need for the award; (2) the paying spouse must have the ability to pay the fees; (3) the appeal must be taken in good faith; and (4) there must be reasonable grounds for the appeal, although this does not imply that the requesting spouse must prevail on appeal. (*Hunter* v. *Hunter* (1962) 202 Cal.App.2d 84, 92 [20 Cal.Rptr. 730].) In the case before us, there is no question that wife's appeal was taken in good faith and that she had reasonable grounds for appeal. The trial court, however, can better determine the extent of wife's need for an award and of husband's ability to pay additional fees. (See *Craft* v. *Craft* (1957) 49 Cal.2d 189, 194 [316 P.2d 345]; Civ. Code, § 4370.) On remand, the trial court should determine the amount of the award for wife's fees on appeal.

---

[9]One of the issues in the case before us is whether the income of husband's second wife may be considered as a circumstance in modifying the support award.

The judgment is reversed. The superior court will make and file findings of fact according to law, or, in the alternative and in its discretion, if such findings of fact may not now reasonably and conveniently be made and the interests of justice so indicate, order a new hearing on wife's motion. Appellant will recover her costs on appeal.

Scott, Acting P. J., and Feinberg, J., concurred.