Filed 5/13/26  Ronquillo v. Sellick CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ARIANA REYES RONQUILLO, | H053427 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. 25CV002004) |
| v. | |
| FRANK SELLICK, | |
| Defendant and Appellant. | |

Frank Sellick appeals from a three-year civil harassment restraining order protecting Ariana Reyes Ronquillo, entered against Sellick pursuant to Code of Civil Procedure[1] section 527.6.  For the reasons explained below, we affirm the order.

## I.  FACTS AND PROCEDURAL BACKGROUND

On April 17, 2025, Reyes Ronquillo applied for a temporary restraining order, alleging harassment by Sellick.  In her application, Reyes Ronquillo asserted that, that same day, Sellick, a "previous coworker," had followed her to her "court appoi[n]tment" despite the trial court previously advising him to "stay away" from her.  Reyes Ronquillo maintained that, although Sellick had

---

[1] All further unspecified statutory references are to the Code of Civil Procedure.

stated that he was present at the courthouse because of a lawsuit against Reyes Ronquillo's employer, Sellick was not "follow[ing]" anyone else. In addition, Reyes Ronquillo stated that Sellick parked next to her at the courthouse. She attached to her application photographs that she contended showed Sellick at the courthouse and Sellick's truck parked next to her vehicle.

Reyes Ronquillo asserted that Sellick had harassed her at other times and she had previously filed a request for a restraining order against him (case No. 25CV001453).[2] She stated that she had not informed Sellick she would be seeking a temporary restraining order against him because she was "scared of what he [would] do to [her]."

The trial court's register of actions includes entries for a temporary restraining order that was issued the same day as Reyes Ronquillo's application and a notice scheduling a court hearing,[3] which the trial court conducted on May 6, 2025.

On April 24, 2025, Sellick filed a response to Reyes Ronquillo's application to which he attached a statement responding to her allegations. Sellick asserted that the trial court did not grant Reyes Ronquillo's request for a restraining order in case No. 25CV001453 and did not advise him to stay away from Reyes Ronquillo "because that would have been equivalent to granting a restraining order." He maintained that the court asked both parties "to be respectful to each other."

Sellick confirmed his presence at Reyes Ronquillo's court appearance on April 17, 2025, that he is pursuing a lawsuit against his former employer, and that he is "not attending anyone else's court dates." Sellick explained

---

[2] The record on appeal does not include any documents from that case.
[3] These documents do not appear in the record on appeal.

that he was only attending Reyes Ronquillo's court hearings because "as far as [he] know[s], [Reyes] Ronquillo is the only one among [his] former fellow employees who has a DUI charge, and that charge and the verdict in it, may be relevant to [his] case against [his] former employer."  Sellick maintained that he told the trial court during case No. 25CV001453 that his attorney advised him "that the only way [he] can obtain that verdict is to attend [Reyes Ronquillo's] case because verdicts do not show on the court portal."

Sellick asserted that he did not intentionally park his truck next to Reyes Ronquillo's vehicle.  He stated he parked close to the courthouse because of pending foot surgery, he has a right to park in a public parking area, and the photographs Reyes Ronquillo provided did not demonstrate that one of the vehicles next to the truck is hers or that he parked after she did.  Sellick stated that he would request street camera footage of the area if needed.

Sellick stated that he has "personal video evidence" that showed he did not follow Reyes Ronquillo but, rather, Reyes Ronquillo followed him; he offered to show this video evidence to the trial court during the hearing on May 6, 2025.  Sellick asserted that he filed a formal report online with the Salinas Police Department about Reyes Ronquillo following him and was given a case number for his report.  Neither Sellick's video nor his police report appears in the record on appeal, and it is unclear from the record if Sellick presented either the video or the police report to the court during the hearing on the restraining order.  Sellick further asserted that he asked at the courthouse whether it would be possible to obtain a video recording of the

courthouse lobby for a specific date and time and that he is requesting such recording to corroborate his statements.[4]

On May 6, 2025, the trial court conducted a hearing on Reyes Ronquillo's application for a restraining order.[5] The minute order for the hearing states that Reyes Ronquillo and Sellick each testified on their own behalf. The court, after evaluating "the totality of [the] circumstances" and making "factual and credibility determinations," found there had been "unlawful abuse." The court orally granted Reyes Ronquillo a restraining order against Sellick.

On May 12, 2025, the trial court issued a written order pursuant to section 527.6 granting Reyes Ronquillo a three-year civil harassment restraining order after hearing against Sellick.

On June 25, 2025, Sellick appealed.[6]

---

[4] Sellick's statement does not specify whether Sellick was requesting that the trial court obtain the video for him or if he submitted a separate request to the court or courthouse for the specified video footage. In any event, no such footage appears in the record on appeal, and the record does not make clear whether the court considered any such footage before issuing the restraining order.

[5] The oral proceedings in the trial court were not reported.

[6] Sellick stated in his notice of appeal that he was appealing a "[j]udgment after court trial" on "May 6, 2025," and his civil case information statement attached the first page of the minute order from the May 6, 2025 hearing. On the second page of the May 6 minute order, the trial court directed the self-help center to assist in preparing the restraining order after hearing. The minute order itself is not appealable. (*InSyst, Ltd. v. Applied Materials, Inc.* (2009) 170 Cal.App.4th 1129, 1137, fn. 7.)

Nevertheless, in his notice designating the record on appeal, Sellick requested that the record include the judgment or order appealed from, which he indicated was filed on May 12, 2025. The record on appeal does include the signed restraining order after hearing. Therefore, we exercise our discretion to deem the appeal to be from the May 12, 2025 signed civil

4

## II.  DISCUSSION

On appeal, Sellick contends that the trial court erred in issuing the civil harassment restraining order on three grounds:  by making its findings based on "the totality of the circumstances" rather than evaluating the evidence using the clear and convincing evidence standard; by granting the restraining order despite having "led [him] to understand" that he could attend Reyes Ronquillo's court appearances; and by granting the restraining order despite the fact that "a courtroom is open to the public."[7]

Reyes Ronquillo disputes Sellick's contentions of error.

### A.  Legal Principles

Well-established principles of appellate review guide our analysis.  "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).)  As the appellant, Sellick bears the burden of showing that the trial court committed an error that justifies reversal of the judgment.  (*Jameson*, at p. 609; see also *In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 110, fn. 1.)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the

---

harassment restraining order after hearing.  (See *In re Clarissa H.* (2003) 105 Cal.App.4th 120, 122, fn. 2.)

[7] In his reply brief, Sellick contends for the first time on appeal that the trial court erred by failing to consider the court's denial of Reyes Ronquillo's prior request for a restraining order.  We do not consider this untimely contention of error.  (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*).) When an appellant asserts a point on appeal " 'but fails to support it with reasoned argument and citations to authority' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862) or fails to support it with appropriate record citations (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887 (*Fink*); Cal. Rules of Court, rule 8.204(a)(1)(C) [requiring parties to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"]), this court may treat the point as forfeited. We are not required to search the record for error ourselves (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*)), and "[w]e are not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.) In short, "conclusory claims of error will fail." (*S.C.*, at p. 408.)

In reviewing the trial court's findings, the appellate court has " 'no power to judge [] the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom.' " (*Leff v. Gunter* (1983) 33 Cal.3d 508, 518; *S.C.*, *supra*, 138 Cal.App.4th at p. 415; *In re Marriage of Martin* (1991) 229 Cal.App.3d 1196, 1200.) " ' " '[I]t is the exclusive province of' " ' " the trial court " ' " 'to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends' " ' " (*Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968) because the trial court, as the trier of fact, " ' "is in a superior position to observe the demeanor of witnesses." ' " (*People v. Nishi* (2012) 207 Cal.App.4th 954, 965; see also *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1008 (*O.B.*).)

*B. Analysis*

Sellick asserts that the trial court committed legal error by considering "the totality of the circumstances" rather than evaluating the evidence using the clear and convincing standard.  As there is no reporter's transcript of the hearing, and Sellick did not secure a certified settled statement of the hearing, we have no basis to evaluate this claim.[8]  Consequently, Sellick has not demonstrated reversible error on this point.

Sellick contends that the trial court gave him "the impression" that he could attend Reyes Ronquillo's court appearances without giving her grounds to seek a restraining order against him.  Sellick does not cite any evidence in the record to support his contention (*S.C.*, *supra*, 138 Cal.App.4th at pp. 406, 408), nor does our review of the record reveal any.  In fact, neither of Sellick's

---

[8] On September 8, 2025, Sellick filed in the trial court a proposed settled statement.  On October 8, 2025, the trial court filed a certification of statement in which the court directed Sellick to make specific corrections to his proposed settled statement and to send a modified statement to the parties.  (See Cal. Rules of Court, rule 8.137(f)(3).)  The record does not contain a copy of Sellick's modified settled statement or the trial court's certification of a modified settled statement.

This court requested supplemental briefing on whether this court should consider the trial court's October 8, 2025 certification of statement as a certified settled statement under California Rules of Court, rule 8.137 and, if so, on what basis.  Sellick filed in this court a letter brief arguing that this court should not consider the trial court's October 8, 2025 certification of statement as a certified settled statement because it was incomplete.  Reyes Ronquillo's letter brief was nonresponsive to the questions raised in this court's letter.

Because Sellick did not serve and file a corrected or modified statement as directed by the trial court (despite his assertions of trial court error in the October 8, 2025 certification of statement), we deem him to be in default and California Rules of Court, rule 8.140 applies.  (Cal. Rules of Court, rule 8.137(g)(1).)  Nonetheless, because the parties have briefed the issues raised on appeal, we exercise our discretion to consider their merits.  (See *id.*, rule 8.140(a)(1).)

appellate briefs include any citations to the record on appeal.[9]  According to well-settled rules of appellate procedure, we disregard any statements of fact unsupported by references to the record.  (*Fink*, *supra*, 25 Cal.3d at p. 887; *McOwen v. Grossman* (2007) 153 Cal.App.4th 937, 947.)

Sellick argues that, because the courthouse is a public place, the trial court erred by granting the restraining order due to his presence at the courthouse during Reyes Ronquillo's appearance there.  Sellick does not cite to any legal authority in support of this argument.

For each of his allegations of judicial error, Sellick fails to support his factual assertions with citations to admitted evidence in the record, develop his arguments using any meaningful legal analysis, or support such arguments with citations to legal authority.  Rather, he makes and repeats a series of conclusory statements.  Sellick has forfeited his claims on appeal by his repeated violations of the rules of appellate review.  (See *S.C.*, *supra*, 138 Cal.App.4th at p. 408; *Nwosu*, *supra*, 122 Cal.App.4th at p. 1246.)

Moreover, we infer from the trial court's grant of Reyes Ronquillo's request for a restraining order that it made a credibility determination in Reyes Ronquillo's favor.  Appellate courts "must accept the fact finder's resolution of conflicting evidence[] and [we] may not insert [our] own views regarding the credibility of witnesses in place of the assessments conveyed by the judgment." (*O.B.*, *supra*, 9 Cal.5th at p. 1008.)

Sellick has not carried his burden on appeal of demonstrating any prejudicial errors in the trial court's order.  (*Denham*, *supra*, 2 Cal.3d at

---

[9] Sellick's opening brief includes citations that reference "SS," which we construe to refer to a settled statement.  However, as discussed *ante* (fn. 8), no such settled statement was ever certified by the trial court.  We therefore do not consider the citations to "SS" as citations to the record on appeal.  (See Cal. Rules of Court, rules 8.120, 8.137.)

p. 564.)  We therefore affirm the May 12, 2025 civil harassment restraining order.

## III.  DISPOSITION

The May 12, 2025 civil harassment restraining order is affirmed. Respondent is entitled to her reasonable costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____
Danner, J.

WE CONCUR:

_____
Greenwood, P. J.

_____
Bromberg, J.

**H053427**
*Reyes Ronquillo v. Sellick*