[No. B226064. Second Dist., Div. Six. Apr. 28, 2011.]

In re the Marriage of ROBERT and PAMELA GREENBERG.
ROBERT N. GREENBERG, Appellant, v.
PAMELA P. GREENBERG, Respondent.

---

Counsel

Robert N. Greenberg, in pro. per., for Appellant.

No appearance for Respondent.

---

Opinion

**YEGAN, J.**—Abraham Lincoln once said, "He who represents himself has a fool for a client." Here, the client is an attorney who represented himself in the trial court. He now represents himself on appeal. He is unschooled on the basics of appellate law, suggesting that Lincoln's observation applies on appeal. We understand that emotions run high in family law litigation and that this may cloud the judgment of a party. But this does not excuse the filing of a "creative" (i.e., misleading or incomplete or inaccurate) income and expense declaration; or perjury, as referenced by the trial court; or the filing of a frivolous appeal.

 Attorney Robert N. Greenberg (husband) appeals from an order awarding $2,800 fees and sanctions to wife. The sanctions order followed a hearing on an order to show cause (OSC) compelling husband to honor a 2008 judgment dividing community property. (Fam. Code, §§ 270, 271.) The sanctions order is supported by substantial evidence and easily within the trial court's discretion. The appeal flies in the face of what we describe as an adverse factual finding. This adverse factual finding creates an impossible platform upon which to predicate legal error. Where, as here, an appeal is premised upon facts expressly not credited by the trial court, i.e., an adverse factual finding, the appeal is frivolous and sanctions may be imposed.[1]

*Procedural History*

On November 4, 2008, a marital dissolution judgment was filed dividing, among other things, a $19,475.18 account receivable from husband's law

---

[1] Respondent (wife) has not filed a brief. Nor has she asked for sanctions on appeal for the filing of a frivolous appeal. We have elected not to issue an OSC for sanctions payable to the Court of Appeal. But the appeal is frivolous. We refer the affirmed trial court's sanctions order to the State Bar for investigation. (See Bus. & Prof. Code, § 6086.7.)

practice. Husband was ordered to pay wife $9,737.59, representing wife's community property interest on the Jenine M. (J.M.) account. He refused to pay the $9,737.59 based on his theory the J.M. fee agreement was an "as awarded by the court" fee agreement. Because no fees were awarded in the J.M. matter, husband claimed the account receivable was "reduced to zero" or "forgiven."

Wife filed an OSC on November 19, 2009, to determine whether husband "can forgive attorney's fees owed by J. M. on the account receivable." Following a hearing, the trial court ordered husband to pay wife $9,737.59 as ordered in the 2008 judgment. She was awarded $800 attorney fees (Fam. Code, § 2030) and $2,000 sanctions (Fam. Code, §§ 270, 271).

### Account Receivable

Husband asserts that the money due and owing on the J.M. account was "forgiven," thus discharging his obligation to pay wife $9,737.59. As the trial court ruled, the argument fails because no appeal was taken from the 2008 judgment. Right or wrong, the judgment determined that the account receivable was community property and ordered husband to pay wife $9,737.59 as an equalizing payment. It is settled that a final judgment cannot be directly or collaterally attacked based on intrinsic fraud or mistake. (*Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 10 [74 Cal.Rptr.2d 248, 954 P.2d 511]; *Jorgensen v. Jorgensen* (1948) 32 Cal.2d 13, 18–19 [193 P.2d 728]; *Armstrong v. Armstrong* (1976) 15 Cal.3d 942, 950–951 [126 Cal.Rptr. 805, 544 P.2d 941]; Hogoboom & King, Cal. Practice Guide, Family Law (The Rutter Group 2010) ¶ 18:960, p. 18-245 (rev. # 1, 2009).)

In addition to the above rule prohibiting collateral attack, the trial court found there was no evidence that the J.M. fee agreement was anything other than an hourly fee agreement. It said: "Husband can write off or otherwise forgive the obligation as between himself and the client . . . [(J.M.)] but he cannot escape his responsibility to pay wife the sum of $9737.59 representing ½ the amount of the receivable. The Judgment orders him to make payments . . . ." It does not matter that a trial court, in the J.M. case, did not order the payment of attorney fees to her.

### Attorney Fees and Sanctions in the Trial Court

Wife's declaration, which was credited by the trial court, states: (1) Husband's monthly income increased dramatically from $1,395 a month

to $5,103 a month, which is more than twice her income. (2) He "continues to hide his income" and has not provided documentation or produced pay stubs reflecting his seasonal employment at Macy's. (3) Husband and J.M. (the client owing the $19,475.18 account receivable) are living together, that J.M. is employed and receives spousal and child support from a prior marriage, and that husband and J.M. share living expenses. (4) Husband is an attorney with 20 years' experience and played "hide the ball," requiring wife to file numerous orders to show cause and borrow money to pay legal fees. (5) Because husband is in arrears on child support, wife has to withdraw $4,000 a month from savings to support the children.

Husband claims he lacks the ability to pay attorney fees even though his imputed income in prior proceedings was $4,000 a month. The trial court found that the sanctions order "will not impose an unreasonable financial burden on him." It also said: "[T]here is no reliable way to determine husband's actual net disposable income in light of the testimony that was received during the hearings on September 3 and October 29, 2009. . . . [¶] Based on the testimony of some witnesses at the earlier hearings, . . . the court continues to have concerns regarding the accuracy of the representations as to husband's income and expenses. Further, in light of that testimony the court cannot and does not ignore the perjury in which husband engaged."[2]

### Appellate Review of Sanctions

■ Husband has no appreciation for the trial court's order which can only be viewed as an adverse factual finding. It is fatal to the appeal. At oral argument he complained that the trial court "ignored" the evidence supporting his theory of trial. Not so. The trial court sits as trier of fact and it is called upon to determine that a witness is to be believed or not believed. This is the nature of factfinding. "The trier of fact is the sole judge of the credibility and weight of the evidence . . . ." (*Estate of Teel* (1944) 25 Cal.2d 520, 526 [154 P.2d 384].) There is nothing novel in this concept and we ourselves remarked upon it 20 years ago. (*In re Marriage of Martin* (1991) 229 Cal.App.3d 1196, 1200 [280 Cal.Rptr. 565].) We also warned the bar that sanctions could be ordered for appeals based upon a theory asking to substitute our judgment for that of the trier of fact. As we said then and we repeat now, "no one seems to listen." (*Id.*, at p. 1200.) We are ever hopeful that appellate lawyers are listening.

---

[2] The reference to perjury bolsters the trial court's factfinding. This reference concerns husband's false denial, under oath, that he did not have a sexual relationship with J.M. Husband was disciplined by the State Bar for his conduct.

 Whether to impose sanctions and the amount thereof is addressed to the trial court's sound discretion. (*In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 122 [95 Cal.Rptr.2d 113]; *In re Marriage of Quay* (1993) 18 Cal.App.4th 961, 969–971 [22 Cal.Rptr.2d 537].) Husband makes no showing that the trial court abused its discretion in concluding that his attempt to do an impermissible "end run" around the 2008 judgment required wife to incur attorney fees she can ill afford. The trial court found that husband's obligation to pay one-half of the account receivable "should have never been an issue in the first place. As indicated, the Judgment requires that the ½ of the receivable be paid to wife and husband's agreement with the client does not negate this requirement. It was apparently only during the course of the hearings in connection with husband's prior motion to modify child support and for other relief that wife even became aware of the status of the receivable; in the absence of the hearings one must wonder if wife was ever going to be advised of the status of the receivable. The court finds that husband's conduct increased the cost of the litigation by requiring wife to file an OSC regarding an issue that had already been specifically ruled upon in the November 28, 2008 Judgment."

 Family Code section 271 "advances the policy of the law 'to promote settlement and to encourage cooperation which will reduce the cost of litigation.' [Citation.] Family law litigants who flout that policy by engaging in conduct that increases litigation costs are subject to the imposition of attorneys' fees and costs as a sanction. [Citations.]" (*In re Marriage of Petropolous* (2001) 91 Cal.App.4th 161, 177 [110 Cal.Rptr.2d 111].)

*Conclusion*

Husband, a propria persona attorney, suffers from a lack of objectivity. (*Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448–1450 [77 Cal.Rptr.2d 463] ["tunnel vision"].) He would have been well served to read *Gilkison* before invoking the appeal process. This appeal is frivolous. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179].) We are confident that any reasonable attorney would have advised him not to pursue this appeal. (*Estate of Gilkison, supra,* 65 Cal.App.4th at pp. 1449–1450.) From wife's perspective, it is even worse. She was to receive one-half of the fees owed by husband's new live-in girlfriend, J.M. To force her to "forgive" this money undoubtedly would add insult to injury.

The record on appeal does not show that the trial court reported husband to the State Bar. We order the clerk of this court to send a copy of this opinion affirming the trial court's order to the State Bar. Whether husband should be disciplined is addressed to the judgment of the State Bar and we express no opinion thereon.

The judgment (order awarding $2,800 fees and sanctions) is affirmed. Wife is awarded costs on appeal.

Gilbert, P. J., and Coffee, J., concurred.