[No. B233679. Second Dist., Div. Six. Apr. 16, 2012.]

JANE BROWN, Plaintiff and Appellant, v.
WELLS FARGO BANK, NA, Defendant and Respondent.

COUNSEL

Jason W. Estavillo for Plaintiff and Appellant.

Anglin, Flewelling, Rasmussen, Campbell & Trytten and Robert A. Bailey for Defendant and Respondent.

OPINION

**YEGAN, J.**—Some appeals are filed to delay the inevitable. This is such an appeal. It is frivolous and was " 'dead on arrival' at the appellate courthouse." (*Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1449 [77 Cal.Rptr.2d 463].)

Jane Brown was/is in default on a home mortgage. Foreclosure proceedings were commenced and she filed suit to prevent the sale of her home. She

appeals from a June 8, 2011 order dissolving a preliminary injunction and allowing the sale to go forward. This was attributable to her failing to deposit $1,700 a month into a trust account as ordered by the trial court. The preliminary injunction required that the money be deposited in lieu of an injunction bond. (Code Civ. Proc., § 529, subd. (a).)

In her opening brief appellant claims that the order dissolving the injunction is invalid because it issued "ex parte." After calendar notice was sent to him, trial and appellate counsel, Jason W. Estavillo, asked that we dismiss the appeal. We will deny this request. We will affirm the judgment and refer the matter to the California State Bar for consideration of discipline.

## Facts and Procedural History

In 2010 appellant defaulted on her $480,000 World Savings Bank FSB loan secured by a deed of trust.[1] Wachovia Mortgage, a division of Wells Fargo Bank, NA (respondent), recorded a notice of trustee's sale on May 12, 2010. The trustee's sale was postponed to August 9, 2010.

Appellant sued for declaratory/injunctive relief on August 5, 2010. The trial court granted a temporary restraining order to stop the trustee's sale. On September 7, 2010, the trial court granted a preliminary injunction on condition that appellant deposit $1,700 a month in a client trust account in lieu of a bond.

On June 2, 2011, respondent filed an ex parte application to dissolve the preliminary injunction because appellant had not made a single payment. It argued that "we're facing a deadline under the trustee sale date of next week. And we have no reason to believe these payments . . . will be made. She has not paid anything on her mortgage in over two years. There is no reason to believe she's going to make this payment. It's all been simply a delay tactic."

Appellant, represented by Mr. Estavillo, appeared at the June 3, 2011 ex parte hearing and argued that the proposed order should not issue ex parte. The trial court agreed, set a June 8, 2011 hearing date, and told appellant's trial counsel "to scramble on this. Find out from your client what she has done or hasn't done. And I should tell you that one of the myths that sometimes creeps into this [type of] case is that if the plaintiff is successful, they end up with a free house. It doesn't work that way." Counsel told the court that he would "make sure" the payments would "get made."

---

[1] After World Savings Bank FSB issued the loan in 2006, it changed its name to Wachovia Mortgage FSB. Wachovia Mortgage merged into and became a division of Wells Fargo Bank, NA.

On June 7, 2011, appellant filed opposition papers but failed to explain why the money was not deposited in lieu of a bond. Respondent argued that appellant has "not complied with the preliminary injunction. They have not made a payment. There is nothing in there about their ability to make the payment . . . . They have defied [the] court order since December and they continue to do so."

The trial court dissolved the preliminary injunction and signed the proposed order. The June 8, 2011 order provides: "The foreclosure sale scheduled for June 10, 2011 may go forward as scheduled."

On June 8, 2011, appellant filed a notice of appeal. The filing of the notice of appeal works as a "stay" of the trial court's order and stops the trustee's sale. (Code Civ. Proc., § 916, subd. (a); *Royal Thrift & Loan Co. v. County Escrow, Inc.* (2004) 123 Cal.App.4th 24, 35–36 [20 Cal.Rptr.3d 37].)

## Frivolous Appeal

██  In the opening brief appellant's counsel feebly argues that respondent failed to make a good cause showing for ex parte relief and that her due process rights were violated. She prays for reversal of the order allowing sale of her home. But rather than granting ex parte relief, the trial court agreed to set the matter for hearing. So, the premise to the sole contention on appeal, the ex parte nature of the order, is false. Moreover, at the noticed hearing, appellant expressly waived any claim that the hearing was not properly noticed or was irregular. (*Eliceche v. Federal Land Bank Assn.* (2002) 103 Cal.App.4th 1349, 1375 [128 Cal.Rptr.2d 200].) Waiver aside, the trial court had good cause to "fast track" the hearing. The notice of trustee's sale was about to expire and appellant had not deposited money in lieu of an injunction bond, as ordered. Code of Civil Procedure section 529, subdivision (a) required that the preliminary injunction be dissolved.

██  Appellant makes no showing that the trial court abused its discretion in dissolving the preliminary injunction. Nor does she even suggest that there has been a miscarriage of justice. She complains that the order has the words "ex parte" in the caption. This is a "form over substance" argument. (Civ. Code, § 3528.) On appeal, the substance and effect of the order controls, not its label. (*Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1250 [115 Cal.Rptr.3d 203]; *Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 205 [265 Cal.Rptr. 620].)

## Conclusion

██  The appellate courts take a dim view of a frivolous appeal. Here, with the misguided help of counsel, the trustee's sale was delayed for over two

years. Use of the appellate process solely for delay is an abuse of the appellate process. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 646 [183 Cal.Rptr. 508, 646 P.2d 179]; see also *In re Marriage of Greenberg* (2011) 194 Cal.App.4th 1095, 1100 [125 Cal.Rptr.3d 238].) We give appellant the benefit of the doubt. But we have no doubt about appellate counsel's decision to bring and maintain this appeal, and at the eleventh hour, seek a dismissal. No viable issue is raised on appeal and it is frivolous as a matter of law. (See, e.g., *In re Marriage of Greenberg, supra*, 194 Cal.Ap.4th 1095.) "[R]espondent is not the only person aggrieved by this frivolous appeal. Those litigants who have nonfriviolous appeals are waiting in line while we process the instant appeal." (*Estate of Gilkison, supra*, 65 Cal.App.4th at p. 1451.) Respondent has not asked for monetary sanctions. We have not issued an order to show cause seeking sanctions payable to the court. But we do not suffer lightly the abuse of the appellate process.

Appellant's request to dismiss the appeal is denied. The June 8, 2010 order dissolving the preliminary injunction is affirmed. Respondent is awarded costs on appeal. If there is a standard clause awarding attorney fees to the prevailing party in the note and/or deed of trust, respondent is also awarded reasonable attorney fees in an amount to be determined by the trial court on noticed motion. The clerk of this court is ordered to send a copy of this opinion to the California State Bar for consideration of discipline. We express no opinion on what discipline, if any, is to be imposed. (*In re Marriage of Greenberg, supra*, 194 Cal.App.4th 1095.)

Gilbert, P. J., and Perren, J., concurred.