Filed 6/25/13  Rodriguez v. Smit CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROBERT D. RODRIGUEZ,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>MARGARETHA M. SMIT,<br><br>        Defendant and Respondent. | A136186<br><br>(Contra Costa County<br>Super. Ct. No. D10-00553) |

Robert D. Rodriguez appeals an order for child support of his four-year-old daughter who lives with her mother, Margaretha Smit, in Nevada. He contends the court erred in determining the parents' income and expenses when setting the amount of child support. We find no error and shall affirm the order.

## STATEMENT OF FACTS[1]

Rodriguez and Smit are attorneys licensed to practice in California. In February 2010, Rodriquez, in propria persona, filed a petition to establish a parental relationship with a child born to Smit in January 2009. Smit retained counsel. The parties stipulated to paternity in September 2011 and, two months later, Smit filed a motion for child support. The court awarded temporary child support of $1,255 monthly and set a hearing date to determine ongoing support.

---

[1] The record consists of a short appellant's appendix and reporter's transcript. Rodriguez alone filed a brief.

1

The parties submitted income and expense declarations in advance of the April 2012 hearing. Smit reported that she was laid off work at an Oakland law firm in January 2012 and was currently unemployed. She listed no income and monthly expenses of $5,562 for herself and three children. Rodriguez declared he was self-employed as an attorney with gross business income over the prior three months of $46,300. Rodriguez claimed business expenses of $43,651, leaving only $2,649 in net profit over the three-month period. Rodriquez estimated his average monthly income over the prior twelve months to be $2,650, with personal expenses for himself, his wife and a step-daughter exceeding his income. He did not provide a copy of his 2011 tax return, only a 2010 Schedule C detailing profit or loss from a business. That form showed high business expenses resulting in a loss.

The parties' declarations and economic situations were examined at the hearing. Smit testified that she moved to Reno, Nevada in February 2012 to permit easier visitation with her two older children whose father lives in Truckee, California and has shared custody. Smit sold her California house and bought a less expensive house in Nevada. She and her children were living on proceeds from the sale until she could pass the Nevada bar exam and secure employment as an attorney. Smit enrolled for the July 2012 bar exam and was preparing with a classroom study program she attended weekday mornings and self-study in the afternoons. Smit testified that she also intended to volunteer part-time with a family law organization while studying for the bar exam to network with local attorneys in hope of future employment. Smit wanted to put the parties' child in day care to allow her time for study and volunteering in preparation for work. On cross-examination, Smit said she applied, without success, for several attorney positions after she was laid off. She expected to obtain employment after obtaining a license to practice law in Nevada.

Rodriguez was cross-examined at length about his income and expense declaration, particularly his claimed business expenses. On a monthly basis, Rodriguez averaged $15,433 in revenue from his law practice with claimed expenses of $14,550. Among those expenses, Rodriguez declared business travel expenses of $2,445. He had

no out-of-state cases or overnight stays and attributed the entire amount to gasoline, "which is not cheap these days." He reported additional business-related car expenses of $2,215, excluding gasoline and loan payments. Rodriguez attributed the $2,215 in monthly car expenses to "maintenance and what I use to upkeep" a 2007 Kia Spectra. Rodriguez claimed monthly meal expenses of $1,741 to "treat clients and . . . other business associates to lunch, [a] cup of coffee, [or] dinner."

The trial court found that Rodriguez overstated his business expenses and reduced the amounts claimed by "recapturing 90% of Mr. Rodriguez's car expenses, 75% of his meals and 100% of his travel expenses." The court set his monthly income at $7,100. The court set Smit's income "at zero retroactive to January 2012 when she was laid off from her previous employer." The court ordered Smit to "seek work" but expressed satisfaction that Smit was preparing for employment by studying for the Nevada bar exam and thus "found no evidence to impute income to Ms. Smit." The court ordered Rodriguez to pay $1,203 monthly in guideline child support plus an additional $386 "as a child care add on for a total of $1,589 per month." Smit was ordered to provide Rodriguez "evidence regarding the cost of day care."

Rodriguez filed a timely notice of appeal. Smit assumed her own representation on appeal and did not file a respondent's brief.

## DISCUSSION

Rodriguez contends the trial court erred in finding that he overstated his business expenses. He maintains that the court was required, in the absence of contrary documentary or expert testimony, to accept his income and expense declaration as true. Rodriguez is mistaken on this point. In setting child support, a family law court weighs the credibility of witnesses and may reject all or part of a parent's representations as to income and expenses, even in the absence of contrary evidence. (*In re Marriage of Calcaterra & Badakhsh* (2005) 132 Cal.App.4th 28, 36.) Income and expense declarations, despite being executed under penalty of perjury, far too often "just don't 'add up.'" (*Id.* at p. 38.) Family law courts must determine "which declarations have the

'ring of truth' and which do not." (*Ibid.*) This function is part of its larger fact finding role. A family law "court sits as trier of fact and it is called upon to determine that a witness is to be believed or not believed. This is the nature of fact finding. 'The trier of fact is the sole judge of the credibility and weight of the evidence . . . .' " (*In re Marriage of Greenberg* (2011) 194 Cal.App.4th 1095, 1099.)

A family law court may also reject income figures stated on tax returns. A parent's income, stated on recent tax returns, is "presumptively correct" but may be rebutted by other evidence of a parent's income. (*In re Marriage of Calcaterra & Badakhsh, supra,* 132 Cal.App.4th at pp. 34-36.) Here, Rodriguez did not submit a tax return for 2011, only a 2010 Schedule C listing a business loss but no final income figure. The court properly considered his current financial situation as reflected in his income and expense declaration (with attached profit and loss statement for the first quarter of 2012) and his testimony at the hearing. Ultimately, the court disbelieved Rodriguez's undocumented representations that his law practice generated average monthly revenue of $15,433 yet netted only $883. The court set his monthly income at $7,100, less than half his business revenue. The record fully supports the court's determination.

Rodriguez next raises the fact that Smit bought her Nevada home with California sale proceeds, and thus has no mortgage payments. He contends the court should have included the reasonable value of Smit's "free housing" as income. The trial court found the contention "untimely" because it was first raised in a supplemental brief filed on the day of the hearing. The contention is also ill-founded. Such imputations of income commonly arise when a parent receives free housing as an employee benefit. (Fam. Code, § 4058, subd. (a)(3); *In re Marriage of Schlafly* (2007) 149 Cal.App.4th 747, 757.) There is no basis for imputing income here, where Smit did not receive benefits from an employer or other third party but from the sale of an asset she owned.

Finally, Rodriguez argues the court should have imputed income to Smit based on her earning capacity. (Fam. Code, § 4058, subd. (b).) "If a parent is unwilling to work despite the ability and the opportunity, earning capacity may be imputed" to that parent for purposes of computing child support. (*In re Marriage of LaBass & Munsee* (1997) 56

Cal.App.4th 1331, 1338.) The court found that Smit was not unwilling to work and was, in fact, actively seeking work by studying for the Nevada bar exam. The court noted that Smit's time was better spent preparing for a well-paid attorney job in the near future than taking a lower-paid job immediately. The court's finding is reviewed for an abuse of discretion. (*In re Marriage of Paulin* (1996) 46 Cal.App.4th 1378, 1383.) None appears here.

At such time as Smit obtains employment, Rodriguez may of course seek an appropriate adjustment of his support obligation. (E.g., *In re Marriage of Williams* (2007) 150 Cal.App.4th 1221, 1234.)

## III. DISPOSITION

The order is affirmed.

_____
Pollak, Acting P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.

5