Filed 12/6/23  Marriage of Lou and Ma CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of  XINGYA LOU and XIAOYU MA. | |
| XINGYA LOU, Respondent, v. XIAOYU MA, Appellant. | G061015 & G061068 (Super. Ct. No. 19D004051) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John L. Flynn, Judge.  Appeal dismissed.  Order awarding attorney fees affirmed.

Jack W. Chao for Appellant.

Law Offices of Lisa R. McCall, Lisa R. McCall and Erica M. Baca for Respondent.

## INTRODUCTION

Xiaoyu Ma appeals from a statement of decision entered after the family court issued a domestic violence restraining order against him and in favor of his estranged wife, Xingya Lou, and their two children and from an award of attorney fees entered after the trial on the restraining order. Most of Ma's issues on appeal center on the statement of decision; he has three claims of error with respect to the attorney fees order.

We dismiss the appeal from the statement of decision, entered in December 2021. A statement of decision is neither a judgment nor an appealable order. The court entered a domestic violence restraining order and an amended order in October 2021. These orders were appealable as orders granting an injunction. It is too late to appeal them now.

We affirm the order awarding attorney fees. The court did not abuse its discretion either in determining that attorney fees were warranted or as to the amount of the fees. The court's award rested on ample evidence of the conduct of both Ma and his counsel that drove the fees to astronomical heights. The court also structured the award to avoid forcing Ma to lay out large amounts of cash immediately.

## FACTS

Lou petitioned for dissolution of marriage on May 17, 2019. She filed a request for a domestic violence temporary restraining order (TRO) against Ma on December 16, 2019. The court denied her request and set the matter for hearing. The hearing finally commenced on September 1, 2021.[1] By that time, the court had appointed separate counsel for the couple's two minor children.

The restraining order hearing occupied 21 days of court time between September and October 2021. During that time, Ma absented himself entirely or partially

---

[1] Ma also filed a request for a domestic violence restraining order against Lou. The court struck the request after Lou failed to appear for trial for four days.

for six court sessions.  Lou testified for nine court days, including *eight days* of examination by Ma's counsel.[2]

Ma testified on direct examination during two court sessions.  When it came time for Lou's counsel to cross-examine Ma, however, he invoked the Fifth Amendment and refused to testify.  The court promptly struck his direct testimony.

The court credited Lou's testimony that she had been the victim of physical domestic violence on three occasions between 2013 and 2019.  Based on Ma's behavior at their public trial, the court found that he continued to try to "harass, intimidate, control" Lou and to "establish coercive control" over her; there was no reason to believe that he would not continue this kind of conduct in private.  The court granted Lou's request for a domestic violence restraining order.

The written domestic violence restraining order against Ma and in favor of Lou and the couple's two minor children was entered on October 13, 2021, the last day of trial.  An amended restraining order was entered on October 15, 2021.  A written statement of decision was filed and entered on December 9, 2021.[3]  At the conclusion of the hearing on October 13, the court set a date for a hearing on an award of attorney fees for the prevailing party.

The attorney fee hearing took place on November 19 and 29, 2021.  Lou requested $67,489 in fees under former Family Code section 6344 and Family Code

---

[2]     Lou's direct testimony in her own case was in the form of affirming her counsel's offers of proof as to incidents of domestic violence by Ma.

On the sixth day of Lou's examination, the court had finally had enough.  "The court will give you [i.e., Ma's counsel] an effort [*sic*] to sit there and continue to proceed in a fashion that is efficient and proper.  If you do not do that, then the court will put severe limitations on your presentation. [¶] . . . [¶]  The court does not have the luxury, Mr. Chao, of letting you take six days to do it that [*sic*] anybody else can do in half an hour.  [¶]  You will reappraise your approach.  You will have all your questions designed specifically.  You will not repeat what we have been doing to this point.  You will proceed efficiently from this time forward.  If you do not do so, the court will consider you abandoning the ability to proceed, and the court will curtail your examination."

[3]     The court delivered its statement of decision from the bench on the last day of trial, October 13, 2021.  It issued the restraining orders from the bench on the same day.

section 271.[4]  Counsel for the minors requested $22,260 under Family Code section 3153. On December 29, 2021, the court issued a findings and order after hearing awarding Lou $63,489 for her fees and the minor's counsel $22,260 for his fees.

Ma has appealed from the December 9, 2021, statement of decision and from the December 29, 2021, fee awards.  The two appeals have been consolidated for briefing, argument, and decision.[5]

## DISCUSSION

**I.            Statement of Decision on Domestic Violence Restraining Order**

A statement of decision is not appealable.  (*Kinney v. Vaccari* (1980) 27 Cal.3d 348, 357; *In re Marriage of Biddle* (1997) 52 Cal.App.4th 396, 398, fn. 1 (*Biddle); Industrial Indemnity Co. v. City and County of San Francisco* (1990) 218 Cal.App.3d 999, 1003, fn. 3 (*Industrial*).)  An appeal lies from a judgment or from an appealable order – in this case, from the domestic violence restraining order issued on October 13, 2021, or the amended order issued on October 15, 2021.  These orders are appealable as orders granting an injunction.  (See *Molinaro v. Molinaro* (2019) 33 Cal.App.5th 824, 831, fn. 6; Code Civ. Proc., § 904.1, subd. (a)(6).)  The time to appeal from these orders has expired.

The statement of decision in this case, entered on December 9, 2021, is not appealable, and an appeal from that document must therefore be dismissed.  (See *Biddle, supra,* 52 Cal.App.4th at p. 398, fn.1; *Industrial, supra,* 218 Cal.App.3d at p. 1003, fn. 3.)

---

[4]      Ma did not file an opposition to the attorney fee request until November 29, 2021, the date of the continued hearing on attorney fees.
        Lou's counsel declared that she had incurred fees in the amount of $62,489 for the domestic violence trial.

[5]      Ma repeatedly asked this court to continue oral argument, and we granted a three-month continuance from the August 2023 calendar to the November 2023 calendar.  A subsequent request for an additional continuance was denied.  His final effort to stave off oral argument involved filing for bankruptcy protection, which he evidently believed would stay the appellate process.  11 U.S.C § 362(b)(2)(A)(v) excepts the continuation of a civil proceeding regarding domestic violence from the bankruptcy stay; Ma's third request to stay oral argument was denied, and oral argument took place on November 17, 2023.  It would have been inequitable to Lou to postpone resolution of this case indefinitely.

4

**II.          Attorney Fee Award**

An award of sanctions under Family Code section 271 is an appealable order.  (*In re Marriage of Smith* (2015) 242 Cal.App.4th 529, 532; Code Civ. Proc., § 904.1, subd. (12).)  An award of attorney fees under Family Code sections 6344 and 3153 is appealable as a collateral final order.  (See *In re Marriage of Skelly* (1976) 18 Cal.3d 365, 368-369; *In re Marriage of Weiss* (1996) 42 Cal.App.4th 106, 119.)

Ma identifies three issues with respect to attorney fees.  The first issue is whether the court erred in awarding attorney fees under Family Code section 6344, subdivision (a), part of the Domestic Violence Prevention Act, which provided, at the time of the hearing, "After notice and a hearing, the court may issue an order for the payment of attorney's fees and costs of the prevailing party."[6]  The second issue is whether the fees awarded were excessive, and the third is whether Ma can afford to pay them.  We review an order awarding attorney fees in family law matters for abuse of discretion.  (*In re Marriage of Turkanis & Price* (2013) 213 Cal.App.4th 332, 345.)  We also review the amount awarded for abuse of discretion.  (*Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1173; *In re Marriage of Greenberg* (2011) 194 Cal.App.4th 1095, 1100.)

Although Ma identified as his first issue whether the court erred in applying Family Code section 6344, his argument is simply that he cannot afford to pay the fees, not that he was the prevailing party or that he did not receive notice and a hearing.  In addition, the court also found Ma liable for attorney fees under Family Code section 271, which the court awarded for Ma's misuse of legal process, filing of meritless motions,

---

[6]          Family Code section 6344, subdivision (a), was amended, effective January 1, 2023, to read "After notice and a hearing, a court, upon request, shall issue an order for the payment of attorney's fees and costs for a prevailing petitioner."

taking unreasonable positions, and failing to follow court orders.[7] Ma does not address this alternative basis for a fee award. Any claim of error as to the proper authority for a fee award is therefore abandoned. (See *Moreci v. Scaffold Solutions* (2021) 70 Cal.App.5th 425, 435, fn. 4.)

Ma's second issue is that the fees were excessive. The statement of decision establishes that the fees were not excessive. The court explained at some length how Ma and his counsel, Jack Chao, engaged in "unnecessary and extensive litigation . . . at a level of this court has not experienced prior to this time. It was totally outside the realm of normal for family law proceedings under the domestic violence matters." "[B]ecause [of] the positions taken by [Ma] and [Ma's] counsel, [the fees] were driven from what should have been minimal to outrageous and expensive given the nature of the issues and the burden of discovery . . . . The court finds that everything including the kitchen sink was tossed into this litigation. It appears that this was driven primarily by [Ma's] recalcitrance, which was not curbed at all by his counsel. [¶] . . . Numerous unreasonable positions were taken and repeated throughout this matter by [Ma] and [Ma's] counsel even after they were resolved [and] the court had addressed them. They were brought up repeatedly throughout this proceeding." The court further explained how Ma's unreasonable positions and his counsel's failure to control him drove the fees up to abnormal heights.

As for Ma's ability to pay Lou's fees, the court ordered that, if Ma failed to pay them by a specified date, the balance owing plus interest would be credited to Lou in the disposition of the marital residence.[8] So Ma need not come up with the cash to pay these fees immediately. As for the payment for the fees of minors' counsel, the court

---

[7] Family Code section 271 provides in pertinent part, "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction."

[8] Lou's counsel also made this suggestion at the November 29, 2021, fee hearing.

ordered Ma to liquidate stocks and bonds in his possession to pay the bulk of these fees, $15,000, leaving a balance of $7,260 in cash that Ma must tender immediately.[9] His latest income and expense declaration stated that he had $126,000 in cash and $250,000 in bitcoin. We cannot find that the court abused its discretion in setting the amounts of the fee awards.

## DISPOSITION

The appeal from the statement of decision is dismissed. The order granting attorney fees is affirmed. Respondent Lou is to recover her costs on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

DELANEY, J.

---

[9] At the hearing on November 29, 2021, Ma's counsel stated that Ma agreed to pay minors' counsel's fees, but requested an installment plan.