Filed 9/4/24  Marriage of Ackerman CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of RICHARD and STEFANIE L. ACKERMAN. | |
| RICHARD D. ACKERMAN, Appellant, v. STEFANIE L. ACKERMAN, Respondent; RIVERSIDE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, Respondent. | E080539 (Super.Ct.No. SWD1200223) OPINION |

APPEAL from the Superior Court of Riverside County.  Nicholas A. Firetag, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Dismissed.

The Biondi Law Firm and Glen J. Biondi for Appellant.

Law Offices of Lisa R. McCall, Lisa R. McCall and Erica M. Barbero for Respondent Stephanie L. Ackerman.

1

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Maureen C. Onyeagbako and Jennifer C. Addams, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Richard Ackerman (Husband) moved to vacate an order modifying the amount of child support he is required to pay. The family court denied the motion. Husband contends the family court erred by denying his motion to vacate because when modifying the amount of child support, the family court imputed employment income to Husband despite Husband being disabled. Respondents Stefanie Blackburn (Wife) and the Riverside County Department of Child Support Services (the Department) assert Husband's appeal is untimely. We dismiss the appeal with prejudice.

## FACTS

Husband and Wife share four children. In May 2019 the family court entered a judgment dissolving the marriage of Husband and Wife effective January 7, 2013, and the court approved a stipulation for Husband to pay monthly child support in the amount of $728 based upon Husband having a monthly income of $1,905, which is minimum wage. When two of the four children became adults, Husband's monthly child support obligation was decreased to $544.

In September 2020 the Department moved to modify the amount of child support paid by Father. In opposition, Husband contended he was disabled and unable to work full time. Husband declared he had a monthly income of $614 in social security income (SSI). The Department verified that Husband was receiving SSI. Wife declared

2

Husband had income from a variety of sources: selling artwork, working as a wedding officiant, and running a consulting business.

On February 24, 2022, the family court, with the Honorable James T. Warren presiding, announced the court would order Husband to pay $817 in monthly child support, which was based on a full-time minimum wage job. The family court signed and filed the modification order on March 16, 2022.

On September 2, 2022, Husband moved to vacate (Code Civ. Proc., § 473, subd. (b))[1] the family court's child support modification order arguing the family court erred by not finding that Husband is disabled. Husband asserted it was undisputed that he was disabled and receiving SSI, so the family court erred by finding Husband's assertions unsupported by the evidence. Husband declared his monthly income was $783 in SSI and $675 from research and writing jobs. Wife argued that Husband's motion to vacate was not based upon his mistake, inadvertence, surprise, or excusable neglect, rather, it was based upon alleged judicial error.

On November 23, 2022, the family court, with Commissioner Nicholas Firetag presiding, found that Husband's motion to vacate was akin to an appeal in that Husband was arguing judicial error. Therefore, the family court denied the motion. On January 19, 2023, Husband filed a notice of appeal that reflects he is appealing from the family court's denial of his motion to vacate.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

## DISCUSSION

Husband moved to vacate the child support modification order citing section 473, subdivision (b), which requires "mistake, inadvertence, surprise, or excusable neglect" by a party or the party's lawyer. The substance of Husband's motion did not address any of those topics. Rather, the substance of the motion concerned the family court allegedly ignoring undisputed evidence, which would be (A) an "[i]rregularity in the proceedings of the court," which prevented Husband "from having a fair trial" (§ 657, subd. (1)); and/or (B) insufficient evidence to support the court's decision (§ 657, subd. (6)). Those are grounds for a motion for new trial. (§ 657, subds. (1) & (6).) Accordingly, we will treat Husband's motion as one for new trial. (*Brown v. Wells Fargo Bank, NA* (2012) 204 Cal.App.4th 1353, 1356 [substance controls over labels and captions].)

"An order denying a new trial is not directly appealable, but is reviewable on appeal from the underlying judgment." (*Deschene v. Pinole Point Steel Co.* (1999) 76 Cal.App.4th 33, 37, fn. 1.) The family court signed the underlying child support modification order on March 16, 2022. Husband filed his notice of appeal on January 19, 2023. That means Husband missed the six-month deadline to appeal from the underlying child support order. (Cal. Rules of Court, rules 8.104(a)(1)(C)) & 8.108(b)(1)(C).) The untimely appeal should therefore be dismissed.

If we were to ignore the substance of Husband's motion and treat it as a motion to vacate, then the appeal would still be dismissed. A denial of a motion to vacate is not an appealable order when the aggrieved party could have appealed from the underlying

order.  (*Hall v. Imperial Water Co. No. 3* (1926) 200 Cal. 77, 80; *People v. Balt* (1947) 78 Cal.App.2d 171, 174; *Kalenian v. Insen* (2014) 225 Cal.App.4th 569, 578.)  Husband could have appealed from the order modifying child support because it was an order made after the judgment of divorce.  (§ 904.1, subd. (a)(2); *County of Los Angeles v. Patrick* (1992) 11 Cal.App.4th 1246, 1250; *In re Marriage of Padilla* (1995) 38 Cal.App.4th 1212, 1216.)  Husband failed to timely appeal directly from the order modifying child support.  Rather, he appealed from the unappealable order denying the motion to vacate.  "The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal.  [Citation.]  Accordingly, if the order or judgment is not appealable, the appeal must be dismissed."  (*Canandaigua Wine Co., Inc. v. County of Madera* (2009) 177 Cal.App.4th 298, 302.)  As a result, we will dismiss this appeal.

Husband contends the motion for new trial extended the deadline to appeal.  "If [a] motion for a new trial is denied, the time to appeal from the judgment is extended for all parties until the *earliest* of:  [¶] (A) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (B) 30 days after denial of the motion by operation of law; or [¶] (C) 180 days after entry of judgment."  (Cal. Rules of Court, rule 8.108(b), italics added.)

The underlying order modifying child support was announced in February 2022, and filed in March 2022.  September is six months after March.  Husband's motion for new trial was denied on November 23, 2022.  The six-month deadline applies in this case because it is the earliest of the deadlines.  Husband's notice of appeal was filed in

5

January 2023, which means he missed the September 2022 deadline. Husband's appeal is untimely and must be dismissed.

Husband asserts that the deadline to appeal should have been extended because he is disabled. Husband did not comply with the procedural requirements for requesting a disability accommodation, e.g., requesting an accommodation at least five court days prior to the notice of appeal deadline. (Cal. Rules of Court, rule 1.100(c).) Additionally, Husband has not meaningfully analyzed whether a court has the authority to extend the deadline to appeal as a disability accommodation (Cal. Rules of Court, rule 1.100(f); Civ. Code, § 51, subd. (c)). (*Central Valley Gas Storage, LLC v. Southam* (2017) 11 Cal.App.5th 686, 694-695 ["appellant must present meaningful legal analysis"].) For these reasons, if we had jurisdiction, we would deem forfeited Husband's assertion that he should have been given the disability accommodation of an extended statute of limitations.

Husband contends it is a matter of due process that we address the substance of his appeal because he "has already faced three separate [child support] contempt proceedings," due to his inability to pay the increased amount of child support. On the merits, Husband's appeal fails. Husband is appealing from the denial of his motion to vacate under section 473, subdivision (b), which requires "mistake, inadvertence, surprise, or excusable neglect" by the party or the party's attorney. Husband's motion was incorrectly based upon an alleged mistake by the family court, in particular, the allegation that the family court ignored the evidence of Husband's disability. Husband

6

did not argue a basis upon which a section 473, subdivision (b), motion could be granted.  Therefore, on the merits, the trial court did not err.

## DISPOSITION

The appeal is dismissed with prejudice.  Respondents are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)&(a)(2).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER  
                    Acting P. J.

We concur:

FIELDS  
      J.

RAPHAEL  
      J.