Filed 8/18/25 (unmodified opinion attached)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of R.K. and G.K. | 2d Civ. No. B334571 (Super. Ct. No. 19FLP-0532) (San Luis Obispo County) |
| R.K, <br><br> Appellant, <br><br> v. <br><br> G.K., <br><br> Respondent. | ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on July 28, 2025, and certified for publication, be modified as follows:

1. On page 2, insert at the end of footnote 1:

We acknowledge that appellant does not attack these adverse factual findings. Nevertheless, they explain, in part, why the trial court made the ultimate ruling challenged on appeal. It did not credit appellant's testimony in any particular. These

findings also show that the trial court did not believe that he could co-parent in a joint physical custody plan.

2.  On page 3, the fourth paragraph, the first sentence commencing with "In November 2022" is deleted and replaced with:

The trial court conducted a three-day evidentiary hearing on the Request.

3.  On page 7, the first partial paragraph, the last sentence commencing with, "The presumption is that" is modified to insert "and at subsequent proceedings" after "three-day evidentiary hearing" so that the sentence now reads:

The presumption is that each of these findings is supported by the evidence presented at the unreported, three-day evidentiary hearing and at subsequent proceedings.

Appellant's petition for rehearing is denied.
There is no change in the judgment.

GILBERT, P.J.        YEGAN, J.        BALTODANO, J.

Filed 7/28/25 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of R.K. and G.K. | 2d Civ. No. B334571<br>(Super. Ct. No. 19FLP-0532)<br>(San Luis Obispo County) |
| R.K,<br><br>    Appellant,<br><br>v.<br><br>G.K.,<br><br>    Respondent. | |

This appeal illustrates two fundamental rules of appellate law.  First, an appellant must affirmatively show error by reference to an adequate appellate record.  (See *post,* at pp. 6-7.)  There is no record here.  Second, as a general rule, an appellate court does not consider claims of error that could have been, but were not, raised in the trial court.  (See *post*, at pp. 7-8.)  The claimed errors at issue here were never raised in the trial court.

R.K. (Father) appeals the order granting sole physical custody of his child (Daughter) to Daughter's mother, G.K. (Mother).  Before the order, Father had sole physical custody of

her.  He contends he was denied due process because he was not given advance notice of the proposed change in custody and the trial court ordered "a de facto move-away of the child" from Father's home without conducting an evidentiary hearing on that issue.  In addition, Father contends the trial court failed to give "consideration to the fact that the effect of its order was to separate [Daughter] from her three siblings, with whom she had lived at her father's home."  Father did not raise either contention in the trial court and has provided us with a skeletal, inadequate record.

What this case boils down to, then, is Father's disappointment over having gone from sole physical custody of Daughter to no physical custody of her.  The trial court made this change after a three-day, unreported evidentiary hearing.  It then made detailed factual findings painting a very bleak picture of Father's attitude and behavior toward both Mother, the trial court, and orderly court procedures and rulings.  (See *post,* at pp. 4-5.)[1]  His uncooperative and disrespectful conduct explains and justifies the custody order at issue here.  Based on his conduct, a reasonable trier of fact could find that a significant change of circumstances indicated that it would be in Daughter's best interest for Mother to have sole physical custody of her.  Consequently, we affirm.[2]

---

[1] Appellant has no appreciation of the rules concerning an adverse factual finding.  (*In re Marriage of Greenberg* (2011) 194 Cal.App.4th 1095, 1099.)  Here there are numerous adverse factual findings.  (See *post,* at pp. 4-5.)

[2] We deny Mother's motion to strike portions of Father's reply brief.

*Factual and Procedural Background*

The parties were married in May 2016. They have one child – Daughter – who was born in January 2016. They separated in February 2019. Mother acknowledges that she "experienced mental health issues after giving birth."

In December 2020, the parties signed a marital settlement agreement (MSA). It provides that Father "shall have sole legal and sole physical custody of the parties' minor child."[3] Mother was granted visitation. This arrangement was reflected in the marital dissolution judgment, entered in July 2021.

In October 2021, Mother filed a request for an order changing child custody and visitation (the Request). It stated: "The circumstances that resulted in the sole legal/sole physical stipulation under the Marital Settlement Agreement . . . are no longer in existence. Additionally, [Father] has relocated out of the area and is not complying with the current Court Order and is frustrating all current visitation and restricting contact with our Child. I believe that a normalized Joint Legal/Joint Physical custody arrangement to be in the best interes[t] of [Daughter] at this time." Father filed opposition to the Request.

In November 2022, a three-day evidentiary hearing took place. The Court issued an oral statement of decision. There is no reporter's transcript of the three-day hearing or the oral statement of decision, nor does the record include a written

_____

[3] "'Sole legal custody' means that one parent shall have the right and the responsibility to make the decisions relating to the health, education, and welfare of a child." (Fam. Code, § 3006.) "'Sole physical custody' means that a child shall reside with and be under the supervision of one parent, subject to the power of the court to order visitation." (*Id*., § 3007.)

3

statement of decision, settled statement, or agreed statement documenting the hearing.  (See Cal. Rules of Court, rules 8.134, 8.137.)

In August 2023, Mother filed a declaration in which she asserted: "The current orders regarding custody and related issues were made by the Court after a contested hearing . . . were never reduced to a formal order . . . ."  One of the orders was that the parties were "awarded joint legal custody" of Daughter.  Mother listed other orders she was requesting.  They included that the parties "continue to have joint legal custody of" Daughter and that "the Court order a shared parenting plan."  Mother did not request that she be awarded sole physical custody.  She ended her declaration with the following plea: "[Father] has moved to a remote area of California, while denying me phone contact with our daughter. . . .  The current order provides insufficient . . . time for me to maintain a relationship."

On November 6, 2023, the trial court filed a 23-page document entitled, "Ruling & Order Regarding Child Custody and Visitation."  In it, the trial court "detail[ed] some of the testimony" presented at the evidentiary hearing.  It noted that Mother had "sought a normalized joint legal and joint physical custody arrangement as being in the best interest of [child]."  It then made the following factual findings:

"[Father] is high conflict.

"[He] has denied 80% of the court-ordered electronic communications.

"[He] has consistently, wrongfully, and unilaterally cancelled and denied in-person visitation between the minor child and [Mother].

"[He] has acted as a gatekeeper, violated the parental rights of [Mother], and not acted in the best interest of the minor child in denying the visitation.

"[¶] . . .

"[Father] has, as a pattern of conduct, violated the Court's orders. . . .

"[His] testimony during trial, and representations to the Court since trial, have not been credible.

"[¶] . . .

"[Mother] is the parent most capable of facilitating frequent and continuing contact within the meaning of Family Code § 3020.

"[Father] has proven that [he] is incapable or unwilling to facilitate frequent and continuing contact with the minor child and the non-custodial parent.

"[He] has intentionally delayed the legal proceedings by making not-credible representations to the Court.

"[He] is deeply suspicious and accusatory of other people, which is detrimental to facilitating reasonable co-parenting.

"[Mother] has historically made more reasonable efforts to coparent.

"[She] has over two years sobriety and is continuing in treatment.

"[Father] improperly tried to influence the Court proceedings in his attempt to have Mr. Thomas change his report . . . ." (Mr. Thomas was a professional supervisor who supervised visitation between Mother and Daughter.)

Based on the above findings, the trial court ordered, inter alia, that, commencing December 16, 2023, Mother shall have

5

sole physical custody of Daughter.  The parties shall continue "to share joint legal custody."

The November 6, 2023 "Ruling & Order Regarding Child Custody and Visitation" was a tentative decision.  The trial court directed Mother's counsel "to prepare the Judgment consistent with this Order" within 30 days.

 The judgment was filed two months later, on January 3, 2024.  In the interim, Father made no objections to the tentative decision.

*Changed Circumstance Rule*

"Once the trial court has entered a final or permanent custody order reflecting that a particular custodial arrangement is in the best interest of the child, 'the paramount need for continuity and stability in custody arrangements—and the harm that may result from disruption of established patterns of care and emotional bonds with the primary caretaker—weigh heavily in favor of maintaining' that custody arrangement.  [Citation.]  In recognition of this policy concern, [our Supreme Court has] articulated a variation on the best interest standard, known as the changed circumstance rule, that the trial court must apply when a parent seeks modification of a final judicial custody determination.  [Citations.]  Under the changed circumstance rule, custody modification is appropriate only if the parent seeking modification demonstrates 'a significant change of circumstances' indicating that a different custody arrangement would be in the child's best interest." (*In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 956.)

*Adequacy of the Record on Appeal*

"The appellant must affirmatively show error by an adequate record.  [Citation.]"  (9 Witkin, Cal. Procedure (6th ed.)

Appeal, § 651, pp. 687-688.)  Here, there is an inadequate record except for the trial court's findings (*ante,* pp. 4-5).  The presumption is that each of these findings is supported by the evidence presented at the unreported, three-day evidentiary hearing.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

### *Father Forfeited Due Process Issue by Failing to Object to Trial Court's Tentative Decision*

Father contends he was denied due process because "[w]ithout notice, or even a request by [Mother]," the trial court granted Mother sole physical custody of Daughter and "order[ed] a de facto move-away of the child from her long-established home with [Father] . . . in El Dorado County, to [Mother's] home in San Luis Obispo."

Father forfeited the due process issue by failing to object to the November 6, 2023 "Ruling & Order Regarding Child Custody and Visitation."  This ruling was a nonbinding, tentative decision. (See Cal. Rules of Court, rule 3.1590(a) ["On the trial of a question of fact by the court, the court must announce its tentative decision by an oral statement . . . or by a written statement filed with the clerk"].)  The ruling was not reduced to a judgment until two months later, when the trial court entered its "Findings and Order after Hearing," on January 3, 2024.

"The tentative decision does not constitute a judgment and is not binding on the court."  (Cal. Rules of Court, rule 3.1590(b); see also *FLIR Systems, Inc. v. Parrish* (2009) 174 Cal.App.4th 1270, 1284 ["[A] tentative statement of decision . . . can be modified or changed as the judge sees fit before entry of judgment"].)  "It is unfair to the trial judge and the adverse party to attempt to take advantage of an alleged error or omission on appeal when the error or omission could have been, but was not,

7

brought to the attention of the trial court in the first instance. [Citation.] [¶] It follows that when a trial court announces a tentative decision, a party who failed to bring any deficiencies or omissions therein to the trial court's attention forfeits the right to raise such defects or omissions on appeal." (*Porterville Citizens for Responsible Hillside Development v. City of Porterville* (2007) 157 Cal.App.4th 885, 912.)

Here neither the trial court's tentative decision nor its judgment mentioned Father's due process rights for good reason: Father never made a "due process" objection in the trial court. To preserve this issue, he was required to object and press for a ruling. (See *Bettencourt v. City and County of San Franciso* (2007) 146 Cal.App.4th 1090, 1101 ["Typically, constitutional issues not raised in earlier civil proceedings are waived on appeal"]; *Phillips v. Campbell* (2016) 2 Cal.App.5th 844, 848 [failure to press for a ruling waives the issue on appeal].) He did not do so.

Father claims there is no forfeiture because on December 14, 2023, he filed in this court a petition for a writ of mandate alleging that the trial court's change of physical custody violated his due process rights. The petition was summarily denied. Filing a writ petition in the Court of Appeal is not a substitute for objecting to a tentative decision in the trial court.

*Father Was Not Denied Due Process*

Out of an abundance of caution, we elect to reach the merits of Father's due process contention. "'It is a fundamental concept of due process that a judgment against a defendant cannot be entered unless he was given proper notice and an opportunity to defend. [Citation.]' . . . Due process requires affording a litigant a reasonable opportunity, by continuance or

8

otherwise, to respond to evidence or argument that is new, surprising, and relevant." (*In re Marriage of O'Connell* (1992) 8 Cal.App.4th 565, 574.) Whether Father was deprived of due process is a question of law that we review de novo. (*In re Marriage of Siegel* (2015) 239 Cal.App.4th 944, 953.)

Again, we observe that this record is inadequate for meaningful review of the due process issue. Based on the limited record provided by Father, we conclude Father was not denied due process. Mother's Request sought joint physical custody of Daughter. This placed Father on notice that physical custody of Daughter was at issue.

The trial court conducted a three-day evidentiary hearing on the Request. Father appeared and opposed the Request. The incomplete record does not show precisely what happened at the hearing. We can, however, infer from the trial court's November 2023 tentative decision and its January 2024 judgment that the parties discussed their then-existing custody and visitation arrangement. Father had the opportunity to show that Mother was not entitled to joint or shared physical custody of Daughter. The trial court, however, factually found that Father was not a credible witness, does not follow the court's orders, is manipulative, and had improperly tried to change the report prepared by the supervisor of Mother's visitation with Daughter. In light of these factual findings, the trial court could lawfully, in the exercise of its discretion and without giving express notice to Father, consider whether to award Mother more than she had requested and grant her sole physical custody. This was not a default proceeding. (Code Civ. Proc., § 580, subd. (a); *In re Marriage of Siegel, supra,* 239 Cal.App.4th at p. 944.) Even if appellant was "surprised" by the trial court's tentative ruling, it

9

put him on adequate notice and he could have raised his due process contentions in the trial court by simply objecting to the sole custody ruling in some manner.

Father also argues that he was denied due process because the trial court "never actually held an evidentiary hearing on a potential move-away prior to changing the minor child's residence." "The law is well settled as to how a court is to proceed when a parent with sole custody seeks to move away and take the child. In a sole custody case, the changed circumstance rule governs. The rule provides that a parent who is entitled under a final custody determination to sole physical custody of a child has a right to change the child's residence, subject to a court's power to preclude a removal that would prejudice the child's rights or welfare." (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 363.) "[A]n evidentiary hearing in a move-away situation should be held only if necessary." (*In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 962.)

But this is not a move-away case. Mother has not decided to move to a different location. She continues to reside in San Luis Obispo County, where the parties and Daughter originally resided before the dissolution of the marriage.

Father, not Mother, committed a "move away." Father declared that he and Daughter had relocated to El Dorado County in July 2021. According to the trial court's November 6, 2023 ruling, this was a "unilateral relocation [from San Luis Obispo County] to El Dorado County." Father "admitted that he did not obtain a move away order from the court prior to relocating with the minor child."

The parties' declarations established the basic facts and Father's own conduct placed Daughter's county of residence in

issue. Father should have known that, if Mother was granted sole physical custody, Daughter would be moved to Mother's home in San Luis Obispo County. Even if Mother was granted joint physical custody as she had requested, Daughter would still live a significant part of the year at Mother's home. (See Fam. Code, § 3004 ["'Joint physical custody' means that each of the parents shall have significant periods of physical custody"].) This provided Father with sufficient notice of a potential change in Daughter's residence to satisfy due process. We therefore reject Father's claim that he was denied due process because the court failed to conduct an evidentiary hearing on a potential move away.

*Alleged Separation of Daughter from Siblings*

"[A] family law court may enter an order which has the effect of separating siblings only when compelling circumstances dictate that such separation is in the children's best interest." (*In re Marriage of Williams* (2001) 88 Cal.App.4th 808, 809.) Father contends: "The court's decision gave no consideration to the fact that the effect of its order was to separate [Daughter] from her three siblings, with whom she had lived at her father's home. [Record citation.] This was an error in law." "No compelling circumstances were identified that justified the separation of the siblings." The contention is forfeited because Father did not raise it in response to the trial court's tentative decision. (See the discussion at pp. 7-8, *ante*.)

Moreover, Father misstates the facts underlying his contention. Two of the three children with whom Daughter had lived were not her "siblings." They were her stepsiblings – the offspring of Father's new wife and another man. (See Welf. & Inst. Code, § 16002, subd. (g) ["As used in this section, 'sibling'

11

means a person related to the identified child by blood, adoption, or affinity through a common legal or biological parent"].) The third child was Daughter's half-sibling, i.e., the offspring of Father and his new wife.

As to the stepsiblings, the trial court was not obligated to find that compelling circumstances supported the change in physical custody. (See *J.M. v. G.H.* (2014) 228 Cal.App.4th 925, 939 ["Equating the relationship of a stepsibling . . . with that between a child and his biological sibling would be inappropriate, and requiring compelling circumstances to separate stepsiblings would affect all cases in which the subject of a custody dispute has a blended family"].)

Appellant cites no authority for the proposition that compelling circumstances must justify the separation of half-siblings in the absence of evidence as to the strength of the bond between the half-siblings.

<em>Disposition</em>

The trial court's "Findings and Order after Hearing," filed on January 3, 2024, is affirmed. Mother shall recover her costs on appeal.

CERTIFIED FOR PUBLICATION.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

12

Matthew G. Guerrero, Judge

Superior Court County of San Luis Obispo

_____

Law Offices of Lisa R. McCall and Lisa R. McCall, Erica M. Barbero, for Appellant.

Dennis Temko, for Respondent.